[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11338
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00040-LGW-JEG

EDWARD PALMORE,

Plaintiff-Appellant,

versus

TINA TUCKER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 26, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Palmore, a Georgia prisoner proceeding *pro se*, appeals the

dismissal of his 42 U.S.C. § 1983 complaint against two correctional officers, Tina

Tucker and Steven Chambless, which alleged deliberate indifference. The district court did not reach the merits of Mr. Palmore's claims, and dismissed the complaint because it determined that Mr. Palmore had failed to exhaust his administrative remedies. We reverse because Mr. Palmore made a sufficient showing that the grievance process was not made available to him, and because the district court failed to make findings of fact on the exhaustion issue.

On August 19, 2009, Mr. Palmore, an inmate at the D. Ray James Prison, told Correctional Officer Tucker that his cellmate, Keith Wilson, possessed a cellular phone in violation of prison policy. According to Mr. Palmore, Officer Tucker promised to look into the matter. Later that day, Mr. Wilson allegedly confronted Mr. Palmore, mentioned Officer Tucker's name, and threatened to harm Mr. Palmore if his cell phone was confiscated. Correctional Officer Chambless and Deputy Warden Knowles conducted a search of the cell shared by Mr. Palmore and Mr. Wilson on August 21, 2009, for the suspected contraband but did not find a cellular phone.

That same day, Mr. Palmore filed an informal grievance (#25590) against Officer Tucker claiming that he told her that he felt threatened by Mr. Wilson and asked to be moved to another cell. His grievance also alleged that Officer Tucker betrayed his confidence by conveying the information to Mr. Wilson, which placed him in physical danger. Mr. Palmore requested that he be moved to another cell

2

and that Officer Tucker receive training on confidentiality requirements. This informal grievance was rejected by prison authorities.

Mr. Palmore alleged in his complaint that, sometime thereafter, he returned to his cell where Mr. Wilson yelled at him and hit him multiple times. Mr. Palmore was then taken to the prison's medical facility, given a band-aid for his head, and moved to segregation. By then, Mr. Palmore desired to file a formal grievance against Officer Tucker on the grounds previously asserted in his informal grievance. In the district court, Mr. Palmore submitted an affidavit stating that prison officials had refused to provide him with formal grievance forms while he was in segregation. *See* D.E. 74 at ¶ 3 ("I requested when informal grievance was returned a formal grievance but one was not made available to plaintiff who was in involuntary segregation on protective custody.").[1]

On September 1, 2009, Mr. Palmore filed three new informal grievances against various prisons officials. One of those grievances (#27535) recounted the search conducted by Officer Chambless and Deputy Warden Knowles, the fact that Mr. Palmore requested cell changes from both Officers Tucker and Chambless, and the alleged beating at the hands of Mr. Wilson after his request went unaddressed.

---

[1] According to Mr. Palmore's affidavit, this allegation relates to an informal grievance that he filed on August 21, 2009, but the affidavit lists a different informal grievance number (#28424). *See id.* We presume that this statement was intended to apply to informal grievance #25590, which was the only grievance Mr. Palmore filed on August 21, 2009. The record reflects that Mr. Palmore did not file informal grievance #28424 until September 22, 2009.

Grievance #27535 was also rejected. In his response to Officer Chambless' answer, Mr. Palmore stated that he wanted to file a formal grievance relating to his complaint in grievance #27535, but prison officials again refused to provide him with the proper forms. *See* D.E. 33 at 2 ("Prison officials at DRJP would not give [Mr. Palmore] a formal grievance after his informal grievance was denied . . . .")

Mr. Palmore eventually filed a federal suit under § 1983 reiterating these allegations. The district court screened his complaint and recognized cognizable claims of deliberate indifference against Deputy Warden Knowles and Officers Tucker and Chambless. *See* D.E. 16.[2] Mr. Palmore's claims were ultimately dismissed for failure to exhaust administrative grievances. The district court, adopting the magistrate's report, concluded that Mr. Palmore failed to file a formal grievance after his informal grievances were denied. *See* D.E. 133 at 6, *adopted by* D.E. 138. This appeal followed.

We review *de novo* the dismissal of a § 1983 action for failure to properly exhaust administrative remedies. *See Johnson v. Meadows*, 418 F.3d 1152, 1155

---

[2] Mr. Palmore's claim against Deputy Warden Knowles was dismissed without prejudice on April 21, 2011 for failure to provide an adequate address where he could be served. *See* D.E. 73. At some point, Mr. Palmore's complaint was updated/amended to add "Mrs. Johnson, Building Manager," as a named defendant. *See* D.E. 59. On November 1, 2011, the claim against Mrs. Johnson was also dismissed without prejudice for failure to provide Mrs. Johnson's first name, any additional identifying information, or an address where she could be served. *See* D.E. 109. The claims against Deputy Warden Knowles and Mrs. Johnson were never reasserted, and, therefore, they are not before us on appeal.

(11th Cir. 2005). "We review the district court's findings of fact for clear error." *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust all available administrative remedies before filing suit in federal court. *See* 42 U.S.C. § 1997e. Administrative remedies, however, need only be exhausted when they are made available to inmates "and to be available a remedy must be capable of use for the accomplishment of [its] purpose." *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008) (internal quotation omitted).

There is a two-step process for determining whether an inmate has exhausted his administrative remedies. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not dismissed at the first stage, the court moves on to the second step, which requires it "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*.

In this case, the parties' versions of events are in conflict as to the availability of the grievance process. According to affidavits submitted by Officers Tucker and Chambless, Mr. Palmore never appealed the rejection of his informal

5

grievances by filing a formal grievance, and those forms were readily available to him. *See*, *e.g.*, D.E. 76 at 1-3 ("The Plaintiff had access to formal grievance forms and actually filed a formal grievance [on another matter] while he alleges he was in involuntary segregation."). According to Mr. Palmore, he was not able to file a formal grievance because prison officials refused to provide him with the necessary forms. Mr. Palmore made that claim in his complaint, in his response to the defendants' answers, and in affidavits. *See* D.E. 1 at 8; D.E. 33 at 2; D.E. 53 at 2; D.E. 74 at ¶ 3; D.E. 137 at ¶ 1.

Given this conflict, the district court was required, at least initially, to take Mr. Palmore's version of events as true. *See Turner*, 541 F.3d at 1082. But that does not appear to have happened in this case. Neither the magistrate judge's report nor the district court's order acknowledge Mr. Palmore's allegations—as set forth in an affidavit (as it relates to grievance #25590) and in a response to the defendants' answer (as it relates to grievance #27535)—that he requested formal grievance forms and never received them. *See* D.E. 133; 138. Instead, they simply note that Mr. Palmore did not file formal grievances. *See* D.E. 133 at 5-6, *adopted by* D.E. 138.

We find this to be error because, if Mr. Palmore's version of events was credited as true, his complaint would not have been subject to dismissal at the first stage of the exhaustion analysis. *See Turner*, 541 F.3d at 1083 (holding that the

6

PLRA's exhaustion requirement "does not require inmates to craft new procedures when prison officials demonstrate . . . that they will refuse to abide by the established ones"). Accordingly, the district court should not have granted dismissal, but instead moved to the second step of *Turner's* two-step process and made any necessary findings of fact with respect to the availability of the formal grievance forms. We, therefore, vacate the district court's entry of dismissal and remand the case to allow the district court to engage in the second fact-finding step of analysis required by *Turner*.[3]

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[3] Because the district court did not reach the merits of the motion for summary judgment filed by Officers Tucker and Chambless, we do not address the defendants' alternative argument for affirmance on the merits. Should the district court find that Mr. Palmore exhausted *available* administrative remedies, it can then address the motion for summary judgment.